**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Smarthealth Incorporated, | No. CV-25-00115-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Chemotechnique MB Diagnostics AB, *et al.*, | |
| Defendants. | |

At issue is the parties' Joint Motion for Leave to File Under Seal (Doc. 44). For the reasons set forth below, the Court will grant the Motion.

Defendant Chemotechnique requests—and Plaintiff does not oppose—sealing Plaintiff's Response to Defendant Chemotechnique's Motion to Dismiss, supporting "Designated Jurisdictional Documents" produced during jurisdictional discovery, and a transcript of a September 17, 2025 deposition of Defendant Chemotechnique's corporate representative that is currently marked as "Highly Confidential" (collectively, the "Documents"). (Doc. 44 at 2–3.) Defendant Chemotechnique argues that the Documents contain information that would harm its competitive standing if filed unsealed. Defendant Chemotechnique includes a declaration of its business developer attesting to the harm. (Doc. 44 at 4; *see* Doc. 44-1.)

In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial

1 record must articulate justifications for sealing that outweigh the historical right of access
2 and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447
3 F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related
4 to the merits" of a case, the party seeking to seal the document must demonstrate
5 "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at
6 1103. The Ninth Circuit carves out an exception that requires parties to satisfy the less
7 exacting "good cause" standard for materials attached to document that is unrelated to the
8 merits of a case. *Id*. at 1097.

9 Defendant Chemotechnique moves to dismiss Plaintiff's claims for lack of personal
10 jurisdiction (Doc. 12), to which Plaintiff presently responds and attaches the Documents as
11 support (Doc. 45). Because jurisdictional issues are distinct from the merits of a cause of
12 action, Defendant Chemotechnique need only demonstrate good cause to seal the
13 Documents. In the Motion, Defendant Chemotechnique sufficiently shows good cause
14 because the Documents contain nonpublic business information that could be used to harm
15 its competitive standing. *Ctr. for Auto Safety*, 809 F.3d at 1097 (sources of business
16 information that might harm a party's competitive standing satisfy the "compelling
17 reasons" standard). Specifically, several Documents reveal Defendant Chemotechnique's
18 sales data across different markets and production and advertising strategy. (Doc. 44-1 at
19 3–5.) A competitor may benefit from this information by replicating Defendant
20 Chemotechnique's strategies or targeting underserved markets based on Defendant
21 Chemotechnique's sale revenue, which in turn would harm Defendant Chemotechnique's
22 competitive standing. Accordingly, the Court will grant the Motion.

23 **IT IS THEREFORE ORDERED** granting the Joint Motion for Leave to File
24 Under Seal (Doc. 44).

25 . . .
26 . . .
27 . . .
28 . . .

**IT IS FURTHER ORDERED** directing the Clerk of Court to file under seal the documents currently lodged under seal at Doc. 46.

Dated this 1st day of October, 2025.

_____
Honorable John J. Tuchi
United States District Judge