**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Smarthealth Incorporated, | No. CV-25-00115-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Chemotechnique MB Diagnostics AB, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Smarthealth Incorporated's Motion for Leave to File Sur-Reply (Doc. 52). For the reasons set forth below, the Court will grant Plaintiff's Motion and will permit Defendant Chemotechnique MB Diagnostics AB to file its own sur-reply.

"Indeed, sur-replies are highly disfavored and permitted only in extraordinary circumstances." *Burgess v. Shinn*, No. CV-21-01164-PHX-DJH, 2022 U.S. Dist. LEXIS 115200, at *3 (D. Ariz. June 28, 2022) (citation modified). "The Court may, in its discretion, permit a party to file a sur-reply, considering whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's proposed sur-reply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Cattanach v. Maricopa Cty. Cmty. Coll. Dist.*, No. CV-22-00572-TUC-RCC, 2023 U.S. Dist. LEXIS 55353, at *1–2 (D. Ariz. Mar. 29, 2023) (citation modified).

Defendant moves to dismiss Plaintiff's claims for lack of personal jurisdiction. (*See* Doc. 12.) Courts in the Ninth Circuit use a tripartite test to determine whether a nonresident defendant's minimum contacts with the forum pass constitutional muster for specific

jurisdiction to exist. As relevant here, the parties fully briefed the first element of the minimum contacts test.

The second element of the minimum contacts test requires Plaintiff to establish that its claim "arises out of or relates to the defendant's forum-related activities." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). Defendant's Motion to Dismiss features no exploration of this element. Instead, it merely concludes that if Plaintiff "cannot meet the [first element], it cannot meet this element, either." (Doc. 12 at 12.) In response, Plaintiff asserts the inverse of Defendant's argument: that Plaintiff meets the second element because it meets the first. (Doc. 45 at 15–16.) Neither conclusory statement aids the Court in applying the second element standards to the complex jurisdictional facts of this case. *See, e.g.*, *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 362 (2021) (analyzing the "arises out of" standard of the second element); *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 505 (9th Cir. 2023) (analyzing the "relates to" standard of the second element).

The third element of the minimum contacts test requires Defendant to refute the reasonableness of exercising specific jurisdiction over it. *Morrill*, 873 F.3d at 1142. Defendant made no effort to do so in its Motion to Dismiss, and Plaintiff devoted one single paragraph to rebut its best estimation of Defendant's unrevealed arguments. (Doc. 45 at 16–17.)

It was only until Defendant's reply memorandum that either party meaningfully grappled with the second element and Defendant attempted to meet its burden as to the third element. (Doc. 51 at 4–11.) Plaintiff then filed its Motion for Leave, claiming that Defendant raised new arguments for the first time in reply. (Doc. 52.) Defendant argues that its Reply merely rebuts Plaintiff's Response, and it is not Defendant's burden to raise and establish the second element. (Doc. 54 at 2.)

The arguments Defendant raised in reply are not new, but only in the most superficial sense. It is true that Plaintiff did raise arguments about the second and third elements in response—albeit only briefly. But Defendant's Reply provided the first

- 2 -

account of its *substantive* arguments as to the second and third elements, and Plaintiff has not had the opportunity to meaningfully counter that substance. Defendant's contention that it had no responsibility for addressing the second or third element until it was raised by Plaintiff is also unpersuasive. While Plaintiff has the burden of meeting the second element, *Morrill*, 873 F.3d at 1142, it is Defendant's burden to meet the third element, *id.*, and to ultimately persuade this Court to dismiss Plaintiff's claims as the moving party, *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

At this juncture, only the first element of the minimum contacts test is sufficiently developed before the Court. To assist the Court in resolving the pending Motion to Dismiss and to ensure each party has a full and fair opportunity to address opposing arguments, the Court will grant Plaintiff's leave to file its Sur-reply. Because Defendant carries "the burden of persuasion in arguing for dismissal" as the moving party, *id.*, the Court will also permit Defendant to file its own sur-reply. No later than seven days from the date of this Order, Defendant may file a sur-reply addressing only those arguments raised in Plaintiff's Sur-Reply.

**IT IS THEREFORE ORDERED** granting Plaintiff Smarthealth, Inc.'s Motion for Leave to File Sur-Reply (Doc. 52).

**IT IS FURTHER ORDERED** directing the Clerk of Court to file onto the public docket Plaintiff Smarthealth, Inc.'s Sur-Reply to Defendant Chemotechnique MB Diagnostics AB's Reply Supporting Its Motion to Dismiss (Doc. 53).

**IT IS FURTHER ORDERED** that, no later than seven days from the date of this Order, Defendant Chemotechnique MB Diagnostics AB may file a sur-reply addressing only those arguments raised in Plaintiff Smarthealth, Inc.'s Sur-Reply currently lodged at docket entry 53.

Dated this 8th day of December, 2025.

_____
Honorable John J. Tuchi
United States District Judge